PT:SPN:LHE/BDM/AFMLS
F.#2015R01828



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 15 2017 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

                PRELIMINARY
                ORDER OF FORFEITURE

- against -

JORGE ARZUAGA,                    17 CR 313 (PKC)

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WHEREAS, on or about June 15, 2017, JORGE ARZUAGA (the "defendant"), entered a plea of guilty to Count One of the above-captioned Information, charging a violation of 18 U.S.C. § 1956(h);

WHEREAS, the defendant acknowledges that money and property are subject to forfeiture as a result of his violations of 18 U.S.C. § 1956(h), as alleged in the Information; and

WHEREAS, pursuant to 18 U.S.C. § 982(a)(1) and 28 U.S.C. § 2461(c), the defendant consents to the forfeiture of: (a) the sum of one million forty-six thousand dollars and no cents ($1,046,000.00), which represents bonuses paid to the defendant by executives of Torneos y Competencias S.A. and its subsidiaries and affiliates to compensate him for his participation in the money laundering conspiracy set forth in the information (the "Forfeiture Money Judgment"), and (b) all right, title and interest in the property listed in Exhibit A (the "Forfeited Assets"), as property, real or personal, involved in the defendant's violations of 18 U.S.C. § 1956(h), or any property traceable to such property, and/or as substitute assets in accordance with the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1.      Pursuant to 18 U.S.C. § 982(a)(1) and 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p) the defendant shall forfeit to the United States the Forfeiture Money Judgment and all right, title and interest in the Forfeited Assets.

2.      The defendant shall pay the full amount of the Forfeiture Money Judgment on or before the date of the defendant's sentencing (the "Applicable Due Date"). All payments towards the Forfeiture Money Judgment shall be made by certified or bank check, payable to the United States Marshals Service, and delivered by hand or overnight courier on or before the Applicable Due Date to Assistant United States Attorney Brian Morris, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201, with the criminal docket number noted on the face of the checks.

3.      If any payments towards the Forfeiture Money Judgment are not paid on or before the Applicable Due Date, interest shall accrue on any unpaid portion thereof from that date at the judgment rate of interest set forth in 18 U.S.C. § 3612(f)(2). If the defendant fails to pay any portion of the Forfeiture Money Judgment on or before the Applicable Due Date, the defendant consents to the forfeiture of any other property of his up to the amount of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law.

4.      The defendant agrees not to file or interpose any claim or to assist others to file or interpose any claim to the Forfeited Assets or any property against which the government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding.

The defendant agrees to fully assist the government in effectuating the payment of the Forfeiture Money Judgment and the forfeiture of the Forfeited Assets by, among other things, executing any documents necessary to effectuate the transfer of title of the Forfeited Assets or any substitute assets to the United States. The defendant shall take whatever steps are necessary to ensure clear title to the Forfeited Assets passes to the United States, including the execution of any and all documents necessary to effectuate the surrender and forfeiture of the Forfeited Assets to the United States. Further, if any third party files a claim to the Forfeited Assets, the defendant will assist the government in defending such claims.

5. The defendant acknowledges that the Office, at its sole discretion, may seek to forfeit the Forfeited Assets and the amount of the Forfeiture Money Judgment through commencement of an administrative or civil forfeiture proceeding. The defendant consents to the entry of an administrative declaration of forfeiture as to the Forfeited Assets and any payments made towards the Forfeiture Money Judgment and waives the requirements of 18 U.S.C. § 983 regarding notice of seizure in non-judicial forfeiture matters. The defendant further waives the filing of a civil forfeiture complaint as to the Forfeited Assets and any payments made towards the Forfeiture Money Judgment in accordance with the procedures set forth in 18 U.S.C. § 983. The defendant agrees to execute any documents necessary to effectuate the administrative or civil forfeiture of the Forfeited Assets and any payments made towards the Forfeiture Money Judgment. All funds and monies, up to the value of one million forty-six thousand dollars and no cents ($1,046,000.00), contained in or previously restrained in the UBP Account and the Arzuaga Account (as each are defined in Exhibit A) that are finally forfeited, transferred, or paid to or at the direction of the United States or Switzerland or, to the

extent that the Defendant retains any control thereover, repatriated and tendered to the United States, shall be credited towards payment of the Forfeiture Money Judgment. The value of the remaining Forfeited Assets shall not be credited towards payment of the Forfeiture Money Judgment.

6.    The defendant acknowledges that all funds paid by the defendant pursuant to this paragraph shall be subject to a restitution hold to ensure their availability to satisfy any order of restitution entered at sentencing for the benefit of any individuals or entities that qualify as victims under the provisions set forth in 18 U.S.C. §§ 3663 and 3663A. In the event that the Court enters an order of restitution for the benefit of any such victim or victims at the time of sentencing, the Office may request remission or restoration by the Attorney General or his or her designee of funds paid by the defendant pursuant to this paragraph, up to the total amount of the restitution ordered, in accordance with the provisions of 21 U.S.C. § 853(i) and 28 C.F.R. Part 9. The defendant acknowledges that the decision to grant remission or restoration of such funds lies within the sole and exclusive discretion of the Attorney General or his or her designee and that, only if granted, will such funds be transferred to the Clerk of Court in full or partial satisfaction of the order of restitution.

7.    The failure of the defendant to forfeit any monies and/or properties as required under this agreement, including the failure of the defendant to execute any document to accomplish same on timely notice to do so, shall constitute a material breach of this agreement. Upon such a breach, the defendant will not be entitled to withdraw the plea, but the Office may bring additional criminal charges against the defendant.

8.      The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto Clause of the Constitution, the statute of limitations, venue or any defense under the Eighth Amendment, including a claim of excessive fines.

9.      Upon entry of this Order, the United States Attorney General or her designee is authorized to seize the Forfeited Account and to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c) and to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this order.

10.      The United States shall publish notice of this Preliminary Order, in accordance with the custom and practice in this district, on the government website www.forfeiture.gov, of its intent to dispose of the Forfeited Assets in such a manner as the Attorney General of her designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Forfeited Account as a substitute for published notice as to those persons so notified.

11.      Any person, other than the defendant, asserting a legal interest in the Forfeited Account may, within thirty (30) days of the final publication of notice or receipt of notice, or no later than sixty (60) days after the first day of publication on an official government website, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the

validity of his or her alleged interest in the Forfeited Account, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to notice of the forfeiture of the Forfeited Account must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, and interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

12.    Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture is hereby made final as to the defendant. Pursuant to Fed.R. Crim. P. 32.2(b)(4)(B), this Order shall be made part of the defendant's sentence and included in his judgment of conviction. If no third party files a timely claim, this Order, together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

13.    The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction. The United States alone shall hold title to the F following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

14.    The forfeiture of the Forfeited Assets and the entry and payment of the Forfeiture Money Judgment shall not be considered a payment of a fine, penalty, restitution loss amount, civil penalties or any income taxes that may be due, and shall survive bankruptcy.

15.     This Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

16.     This Preliminary Order shall be binding only upon the Court "so ordering" the order.

17.     The Court shall retain jurisdiction over this action to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Dated: Brooklyn, New York
       June 15, 2017

s/PKC

_____
HONORABLE PAMELA K. CHEN
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

## Exhibit A

ANY AND ALL FUNDS ON DEPOSIT IN BANK JULIUS BAER ACCOUNT NUMBER CH0508515030922842001 HELD IN THE NAME OF FPT SPORTS S.A., AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN BANK JULIUS BAER ACCOUNT NUMBER 3121033.01 HELD IN THE NAMES OF GENARO AVERSA AND PABLO UMBERTO AVERSA, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN BANK JULIUS BAER ACCOUNT NUMBER 3121033.02 HELD IN THE NAMES OF GENARO AVERSA AND PABLO UMBERTO AVERSA, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN BSI LIMITED PORTFOLIO NUMBER 15449122.1001 AND/OR ACCOUNT NUMBER 15449122.2001 HELD IN THE NAME OF FPT INVESTMENTS LIMITED, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN UNION BANCAIRE PRIVÉE, UBP SA ACCOUNT 1962875 JW, AND ALL PROCEEDS TRACEABLE THERETO (the "UBP Account"); and

ANY AND ALL FUNDS ON DEPOSIT IN BANK JULIUS BAER ACCOUNT NUMBER 308.9358 HELD IN THE NAMES OF JORGE LUIS ARZUAGA AND WALESKA ARZUAGA, AND ALL PROCEEDS TRACEABLE THERETO (the "Arzuaga Account").