```
 1  UNITED STATES DISTRICT COURT
    EASTERN DISTRICT OF NEW YORK
 2  ------------------------------x
                                            17-CR-313(PKC)
 3  UNITED STATES OF AMERICA,
                                            United States Courthouse
 4          Plaintiff,                      Brooklyn, New York

 5          -against-                       August 31, 2017
                                            3:00 p.m.
 6  JORGE ARZUAGA,

 7          Defendant.

 8  ------------------------------x

 9          TRANSCRIPT OF CRIMINAL CAUSE FOR CURCIO HEARING
                BEFORE THE HONORABLE PAMELA K. CHEN
10                  UNITED STATES DISTRICT JUDGE

11  APPEARANCES

12  For the Government:        BRIDGET M. ROHDE, ESQ.
                               Acting United States Attorney
13                             Eastern District of New York
                               271 Cadman Plaza East
14                             Brooklyn, New York 11201
                               BY:  KAITLIN T. FARRELL
15                                  SAMUEL P. NITZA
                               Assistant United States Attorneys
16
    For the Defendant:         JONES DAY LLP
17                             222 East 41st Street
                               New York, New York 10017-6702
18                             BY:  STEVEN THOMAS COTTREAU, ESQ.

19  For the Defendant:         CLIFFORD CHANCE US LLP
                               31 West 52nd Street
20                             New York, New York 10019-6131
                               BY:  ALEXANDER MAX FELDMAN, ESQ.
21

22  Court Reporter:            LINDA D. DANELCZYK, RPR, CSR, OCR
                               Phone:  718-613-2330
23                             Fax:    718-804-2712
                               Email:  LindaDan226@gmail.com
24

25  Proceedings recorded by mechanical stenography.  Transcript
    produced by computer-aided transcription.
```

PROCEEDINGS

1      (In open court.)

2      THE COURT:  Good afternoon.  Have a seat, everyone.

3      THE COURTROOM DEPUTY:  Criminal cause for curcio
4  hearing, Docket Number 17-CR-313, United States versus Jorge
5  Arzuaga.

6      Will the parties please state their appearnaces for
7  the record.

8      MR. NITZE:  Samuel Nitze and Kaitlin Farrell from
9  the U.S. Attorney's Office here in Brooklyn, and we're joined
10 by Michael Grady from the money laundering and asset recovery
11 section of Washington.  Good afternoon, Your Honor.

12     THE COURT:  Good afternoon.

13     MR. CONTREAU:  Good afternoon, Your Honor.  Steven
14 Cottreau from Jones Day.  And with me is Alexander Feldman
15 from Clifford Chance, and our client, Jorge Arzuaga.

16     THE COURT:  Good afternoon to all of you.

17     All right, as everyone knows, we are here to address
18 the potential conflict that exists by virtue of Mr. Feldman
19 representing Mr. Arzuaga because Mr. Feldman is a member of
20 the firm Clifford Chance, which represents another defendant
21 in a related case, Jeffrey Webb.

22     So I assume, Mr. Arzuaga, you've had a chance to
23 talk with your attorneys about this matter; is that correct?

24     THE DEFENDANT:  Yes, Your Honor, I did.

25     MR. CONTREAU:  And, Your Honor, if I could just

1   interject for purposes of full disclosure.  Up and through his
2   guilty plea on June 15th, I also was at Clifford Chance as
3   well.
4              THE COURT:  Oh, that's right.  And actually I think
5   that was noted in the government's letter.  So I thank you for
6   clarifying that.
7              So, Mr. Arzuaga, you have two attorneys who were at
8   one point relevant to this case associated with the firm of
9   Clifford Chance.  Mr. Feldman's still with that firm.
10             Clifford Chance, just so you know, has certain
11  ethical obligations to Mr. Webb, the other defendant, and that
12  presents a potential conflict for you as well as Mr. Webb.
13             So, for example, one potential conflict of interest
14  is that your current attorneys have an obligation to
15  investigate leads, introduce evidence, or make arguments on
16  your behalf that might tend to incriminate Mr. Webb or be
17  contrary to Mr. Webb's interest.
18             Do you understand that?
19             THE DEFENDANT:  I do, Your Honor.
20             THE COURT:  Okay.  You also may have privilege or
21  confidential information from -- hang on one second.
22             I'm sorry.  Clifford Chance also may have privileged
23  or confidential information from Mr. Webb that could assist
24  you in your defense but that they would not be able to
25  disclose to you or use on your behalf.

PROCEEDINGS

1              Do you understand that?

2              THE DEFENDANT:  I do, Your Honor.

3              THE COURT:  Okay.  It is also possible that an
4    attorney could take a certain position with respect to your
5    relationship with your coconspirators or your relative
6    culpability to the crime that you're charged with, whereas
7    your attorneys may be constrained in making such arguments
8    because of the relationship between the attorneys at Clifford
9    Chance and Mr. Webb.

10             Do you understand that?

11             THE DEFENDANT:  I do, Your Honor.

12             THE COURT:  Okay.  There may be other issues that
13   present a potential conflict given your attorneys'
14   relationship, either prior or ongoing with the same firm as
15   Mr. Webb's attorneys.  I obviously can't anticipate all of
16   them, but I understand that you had a discussion with your
17   attorneys about some of the areas that might present a
18   conflict; is that correct?

19             THE DEFENDANT:  I did.  I had that discussion, Your
20   Honor.

21             THE COURT:  All right.  And you have the right to be
22   represented by attorney or attorneys who do not have such
23   potential conflicts of interest.  If you proceed with your
24   attorneys, though, you'll be giving up the right to have
25   completely unconflicted counsel.

*LINDA D. DANELCZYK, RPR, CSR*
*Official Court Reporter*


1       Do you understand that?

2       THE DEFENDANT: I do, Your Honor.

3       THE COURT: All right. You also have the right to
4  consult with an independent attorney, someone other than the
5  attorneys at Clifford Chance who could advise you further
6  about potential conflicts of interest that you face.

7       Do you understand that you have that right?

8       THE DEFENDANT: I do understand, Your Honor.

9       THE COURT: Do you have any questions about anything
10 that we've just discussed or anything I've explained to you?

11      THE DEFENDANT: No question, Your Honor.

12      THE COURT: You're under no pressure to make a
13 decision about whether or not you want to continue with your
14 current counsel or waive your right to unconflicted counsel.

15      Do you understand that as well?

16      THE DEFENDANT: I do, Your Honor.

17      THE COURT: Do you wish to waive your right to
18 conflict-free counsel at this time, or would you like to think
19 about that further?

20      THE DEFENDANT: I would like to waive it now, Your
21 Honor.

22      THE COURT: Okay. Do you fully understand what
23 you'll be waiving by agreeing to continue with your attorneys
24 who are at Clifford Chance?

25      THE DEFENDANT: I do, Your Honor.

6
PROCEEDINGS

1  THE COURT: Is there anything else that I need to
2  address with this client?
3  MR. NITZE: I don't think so, Your Honor.
4  THE COURT: All right. Anything from your point of
5  view?
6  MR. CONTREAU: Nothing. Nothing further from ours.
7  THE COURT: Okay.
8  And just so everyone knows, we had on stand by CJA
9  attorney Michael Gold. He was hung up in arraignment court.
10 If for any reason, Mr. Arzuaga, you wish to talk with anyone
11 else at any time, because you're not wedded to your decision,
12 even though you've expressed your desire now to waive having
13 conflict-free counsel, you can certainly raise that at any
14 point and we can see if you want to talk with another
15 attorney, or we can arrange for you to talk to another
16 attorney.
17 Do you understand that?
18 THE DEFENDANT: I do, Your Honor.
19 THE COURT: All right, so that concludes this matter
20 and I guess we'll see you folks sometime soon. All right.
21 MR. NITZE: Thank you, Judge.
22 MS. FARRELL: Thank you, Judge.
23 THE COURT: Have a good weekend everyone.
24 (Whereupon, the matter was concluded.)
25              *    *    *    *    *

I certify that the foregoing is a correct transcript from the
record of proceedings in the above-entitled matter.
/s/ Linda D. Danelczyk    September 12, 2017